1
2
3
4
5
6
7

8                      UNITED STATES  DISTRICT COURT

9                        Northern District of California

10                          San Francisco Division

11   GERARDO HERNANDEZ,                     No. C 13-03537 LB

12              Plaintiff,                  **ORDER GRANTING PLAINTIFF'S
                                            MOTION TO STRIKE**
13        v.
                                            [Re: ECF No. 17]
14   DUTCH GOOSE, INC.; GREGORY STERN
     dba DUTCH GOOSE; JOHN AND TERESA
15   BELTRAMO TRUST; JOHN R.
     BELTRAMO, Trustee;  TERESA R.
16   BELTRAMO, Trustee; and DOES 1-10,
     inclusive,
17
                   Defendants.
18   _____/

19                          **INTRODUCTION**

20        Plaintiff Gerardo Hernandez brings this suit against Defendants Dutch Goose, Inc., Gregory

21   Stern, the John and Teresa Beltramo Trust, John R. Beltramo, and Teresa R. Beltramo.  Defendants

22   own and/or operate the Dutch Goose restaurant in Menlo Park, California.  Mr. Hernandez alleges

23   that the Dutch Goose lacks accessible restaurant facilities, including accessible entrances, seating,

24   paths of travel, restrooms, and parking facilities in violation of state and federal law.  Defendants

25   answered the complaint and asserted 21 affirmative defenses, and now Mr. Hernandez moves to

26   strike them as insufficiently pleaded and/or immaterial or impertinent to this action.  The court finds

27   this matter suitable for determination without oral argument and **VACATES** the November 7, 2013

28   hearing.  Upon consideration of the papers submitted and applicable authority, the court **GRANTS**

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   Mr. Hernandez's motion.

2                                    **STATEMENT**

3       According to his complaint, Mr. Hernandez "is disabled with paraplegia and requires the use of a

4   wheelchair for locomotion, and is unable to use portions of public facilities [that] are not accessible

5   to disabled persons who require the use of a wheelchair." Complaint, ECF. No. 1 ¶ 1.[1] He "is also

6   entitled by permit from the State of California to park any vehicle he drives or is transported in, in a

7   designated disabled accessible or van-accessible parking space." *Id.*

8       On May 16, 2013, Mr. Hernandez visited the Dutch Goose restaurant in Menlo Park, California

9   for lunch. *Id.* ¶ 11. There are no disabled accessible parking spaces behind the restaurant (where

10  most of the parking spots are), so he parked in 1 of 2 designated disabled accessible parking spaces

11  in front of the restaurant. *Id.* He alleges these spaces are "dangerously configured and constructed,"

12  having "a slope of greater than 5%" and "an access ramp with excessively steep sides." *Id.* He was

13  able to exit the vehicle only with the assistant of others. *Id.* He also found the walkway to the

14  restaurant's front entrance to be "inaccessibly narrow with a dangerous drop off to the side." *Id.* He

15  had to have assistance opening the "excessively heavy" front door. *Id.*

16      Once inside the restaurant, Mr. Hernandez "did not see any accessible seating" anywhere, and

17  stairs barred his entry into several rooms in the restaurant. *Id.* ¶ 12. Most of the seating was in

18  inaccessible booths or was bench seating at picnic-style tables. *Id.* These forms of seating are

19  inaccessible for wheelchair users, so he had to position his wheelchair at the edge of a table. *Id.* A

20  companion also had to pay for and pick up his food because the height of the ordering counter was

21  "excessively high." *Id.* He also was not able to use the men's restroom because it is "totally

22  inaccessible"; he "could not even get to the toilet." *Id.* (He alleges on information and belief that

23  the women's restroom is inaccessible, too. *Id.*). Because he could not use a restroom, he "suffered

24  an extremely humiliating bodily functions accident." *Id.*

25      Based on these facts, Mr. Hernandez brings 4 claims for relief: (1) a claim for damages and

26  injunctive relief for the denial of full and equal access to public facilities in a public accommodation

27  _____

28      [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
    generated page numbers at the top of the page.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

in violation of California Health & Safety Code §§ 19955 *et seq.* and California Civil Code §§ 54 *et seq.*; (2) a claim for violation of the Unruh Act, California Civil Code §§ 51; California Civil Code § 52; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; (3) a claim for violation of the ADA; and (4) a claim for violation of California's Unfair Competition Act, Cal. Bus. & Prof. Code §§ 17200 *et seq. Id.* ¶¶ 9-48.

Defendants answered Mr. Hernandez's complaint on September 6, 2013.  Answer, ECF. No. 11. In it, they assert twenty-one affirmative defenses as follows:

| No. | Affirmative Defense |
| --- | --- |
| 1 | <u>Failure to State a Claim</u>: "Defendants allege that Plaintiff's Complaint, and each cause of action therein, fails to state facts sufficient to constitute any cause of action." |
| 2 | <u>Statute of Limitations</u>: "Defendants allege that Plaintiff's Complaint is barred by the applicable statutes of limitation, including but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340 and 343." |
| 3 | <u>Waiver</u>: "Defendants allege that the relief sought by Plaintiff is barred due to the acts, conduct, and omissions of Plaintiff which constitute waiver." |
| 4 | <u>Estoppel</u>: "Defendants allege that the relief sought by Plaintiff is barred due to the acts, conduct, and omissions of Plaintiff which constitute estoppel." |
| 5 | <u>Laches</u>: "Defendants allege that the relief sought by Plaintiff is barred due to the acts, conduct, and omissions of Plaintiff which constitute laches." |
| 6 | <u>Unclean Hands</u>: "Defendants allege that the relief sought by Plaintiff is barred due to the acts, conduct, and omissions of Plaintiff which constitute unclean hands." |
| 7 | <u>Unjust Enrichment</u>: "Defendants allege that Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff would be unjustly enriched by receipt of any recovery prayed for in the Complaint." |
| 8 | <u>Plaintiff Caused Damage He Suffered</u>: "Defendants allege that any loss or damage suffered by Plaintiff was caused in whole or in part, by Plaintiff's own conduct, acts or omissions." |
| 9 | <u>Lack of Standing</u>: "Defendants allege that Plaintiff lacks standing to bring one or more of the cause[s] of action stated in the Complaint." |

UNITED STATES DISTRICT COURT
For the Northern District of California

| 10 | <u>Ambiguous Complaint</u>: "Defendants allege that Plaintiff's Complaint, and each cause of action therein, is uncertain, ambiguous, and unintelligible as it pertains to these answering Defendants." |
|----|----|
| 11 | <u>Plaintiff Suffered No Injury</u>: "Defendants allege that Plaintiff's Complaint and each claim for relief thereof are barred in whole or in part because Plaintiff has sustained no injury or damage by reason of acts or omissions of this Defendant." |
| 12 | <u>Reservation of Right to Raise Additional Defenses</u>: "Defendants allege that Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve herein the right to assert additional defenses in the event that discovery indicates that they would be appropriate." |
| 13 | <u>Substantial and Unreasonable Alterations Required</u>: "Defendants allege that the barriers about which Plaintiff complains could not have been remediated without substantial and unreasonable alterations." |
| 14 | <u>Plaintiff Is Not A Disabled Individual under the ADA</u>: "Defendants allege that Plaintiff is not a qualified individual with a disability or handicap, as defined by the Rehabilitation Act or the Americans with Disabilities Act and applicable federal regulations." |
| 15 | <u>Defendants Provided Reasonable Accommodation</u>: "Defendants allege that they reasonably accommodated Plaintiff to the extent required by the applicable laws and regulations." |
| 16 | <u>Adequate State Remedy</u>: "Defendants allege that Plaintiff's claims are barred by reason of an adequate state remedy available to Plaintiff to redress her claims." |
| 17 | <u>Removal of Barriers in Complaint Not Readily Achievable</u>: "Defendants allege that the removal of the barriers about which Plaintiff complains was not readily achievable." |
| 18 | <u>Undue Burden</u>: Defendants allege that the remedies for the barriers about which Plaintiff complains were unduly burdensome." |
| 19 | <u>Alterations Not Required By Law</u>: "Defendants allege that insofar as Defendants have not made the alterations to the subject premises of which Plaintiff complains, those alterations were not and are not required to be made by Defendants under applicable laws and regulations, and/or would impose and undue burden on Defendants." |

| 20 | <u>No Notice</u>: "Defendants allege that they had neither actual nor constructive notice of any architectural or other unlawful barriers, and if such barriers existed, they were not the proximate cause of Plaintiffs injuries, if any. |
|----|----|
| 21 | <u>Plaintiff Suffered No Injury</u>: "Defendants allege that Plaintiff's Complaint, and each cause of action thereof, are barred in whole or in part because Plaintiff has sustained no injury or damage by reason of acts or omissions of these Defendants. |

Answer, ECF No. 11 at 3-5.

On September 25, 2013, Mr. Hernandez filed a motion to strike Defendants' affirmative defenses as insufficiently pleaded and/or immaterial or impertinent to this action. Motion, ECF No. 14. Defendants oppose Mr. Hernandez's motion. Opposition, ECF No. 17.

## ANALYSIS

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(c) requires defendants to "affirmatively state any avoidance or affirmative defense," and Rule 8(b)(1) further requires defendants to "state in short and plain terms its defenses to each claim asserted against it." An "'affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.'" *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) (quoting *Roberge v. Hannah Marine Corp.*, 1997 WL 468330, at *3 (6th Cir. 1997)). "A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1081, 1088 (9th Cir. 2002). A defendant bears the burden of proof on its affirmative defenses. *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988).

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). Motions to strike "are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution of the merits."

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

*Barnes*, 718 F. Supp. 2d at 1170.  The ultimate decision under Rule 12(f) lies within the sound discretion of the court.  *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 51 U.S. 517, 534-35 (1994).

A court may strike from an answer redundant, immaterial, or impertinent defenses.  A "redundant" defense is one that includes allegations that are wholly foreign to the issues involved or the needless repetition of allegations.  *Sliger v. Prospect Motg., LLC*, 789 F.Supp. 2d 1212, 1216 (E.D. Cal. 2011).  An "immaterial" defense is one that has no essential or important relationship to the claim for relief.  *See Fantasy*, 984 F.2d at 1527.  And an "impertinent" defense is one that includes allegations that do not pertain, and are not necessary, to the issues in question.  *Id.*

A court also may strike from an answer defenses that are insufficiently pleaded.  A defense is insufficiently pleaded if it fails to give the plaintiff fair notice of the nature of the defense.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  While the Ninth Circuit has yet to decide the issue, there is widespread agreement among courts in this district that the *Iqbal-Twombly* pleading standard for claims for relief also applies to affirmative defenses, and this court follows those well-reasoned authorities.[2]  Under this standard, "a defense need not include extensive factual allegations

---

[2] According to the court's own research, it appears that every judge in this district to have taken up the issue has concluded that *Iqbal* and *Twombly* apply to the pleading of affirmative defenses.  *See Allen v. AVT Event Tech., Inc.*, No. C-13-1922 MMC, 2013 WL 3157905, at *2 (N.D. Cal. June 20, 2013) (Chesney, J.); *Cabrera v. Alvarez*, No. C12-04890 SI, 2013 WL 3146788, at *3 (N.D. Cal. June 18, 2013) (Illston, J.); *Zody v. Microsoft*, No. C-12-00942 YGR, 2013 WL 2468250, at *7 (N.D. Cal. June 7, 2013) (Gonzales Rogers, J.); *Righetti v. Cal. Dep't of Corrections and Rehabiliation*, No. C-11-2717 EMC, 2013 WL 1891374, at *3 (N.D. Cal. May 6, 2013) (Chen, J.); *Polo v. Shwiff*, No. C12-04461 JSW, 2013 WL 1797671, at *4-5 (N.D. Cal. Apr. 29, 2013) (White, J.); *Ramirez v. Ghilotti Bros. Inc.*, No. C12-04590 CRB, --- F. Supp. 2d ----, 2013 WL 1786636, at *4-5 (N.D. Cal. Apr. 25, 2013) (Breyer, J.); *Spears v. First American eAppriseit*, No. 5-08-cv-00868-RMW, 2013 WL 1748284, at *6 (N.D. Cal. Apr. 23, 2013) (Whyte, J.); *Delson v. The Barron Egg Shop of Montclair*, No. C12-06454 RS, slip op. at 3 (N.D. Cal. Apr. 22, 2013) (Seeborg, J.); *Prime Media Group LLC v. Acer America Corp.*, No. 5:12-cv-05020 EJD, 2013 WL 621529, at *2 n.2 (N.D. Cal. Feb. 19, 2013) (Davila, J.); *Davison Design & Dev. Inc. v. Riley*, No. C11-2970 PJH, 2012 WL 4051189, at *1 (N.D. Cal. Sept. 13, 2012) (Hamilton, J.); *PageMelding, Inc. v. ESPN, Inc.*, No. C11-06263 WHA, 2012 WL 3877686, at *1 (Sept. 6, 2012) (Alsup, J.); *Bonshahi v. FedEx Corp.*, No. C12-02471 TEH, 2012 WL 338608, at *1-2 (N.D. Cal. Aug. 22, 2012) (Henderson, J.); *O'Sullivan v. AMN Servs., Inc.*, No. C-12-02125 JCS, 2012 WL 2912061, at *7 (N.D. Cal. July 16, 2012) (Spero, J.); *Areas USA SJC, LLC v. Mission San Jose Airport, LLC*, No. C11-04487 HRL, 2012 WL 1831576, at *5 (N.D. Cal. May 18, 2012) (Lloyd, J.); *Powertech Tech., Inc. v. Tessera,*

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1  in order to give fair notice, [however] bare statements reciting mere legal conclusions may not be

2  sufficient." *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323 LHK, 2012 WL

3  1029425, at *8 (N.D. Cal. Mar. 26, 2012) (citations omitted). "Just as a plaintiff's complaint must

4  allege enough supporting facts to nudge a legal claim across the line separating plausibility from

5  mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the

6  underlying factual basis of the defense." *Id.* (citations omitted). This is to "weed out the boilerplate

7  listing of affirmative defenses which is commonplace in most defendant's pleadings." *Barnes*, 718

8  F. Supp. 2d at 1172. In other words, the simple listing of "a series of conclusory statements

9  asserting the existence of an affirmative defense without stating a reason why that affirmative

10  defense might exist" is not sufficient. *Id.*

11      Courts differ on whether a movant must show prejudice in support of a motion to strike

12  affirmative defenses—some courts have required a showing of prejudice only for motions to strike

13  defenses as redundant, immaterial, impertinent, or scandalous but not for motions to strike

14  insufficient affirmative defenses, *see Barnes*, 718 F. Supp. 2d at 1173—but either way "a motion to

15  strike is usually a waste of time and money without such a showing!" SCHWARZER, TASHIMA &

16  WAGSTAFFE, CAL. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL § 9:376 (The Rutter Group 2013).

17  In many cases, the obligation to conduct expensive and potentially unnecessary and irrelevant

18

19  *Inc.*, No. C10-945 CW, 2012 WL 1746848, at *4-5 (N.D. Cal. May 16, 2012) (Wilken, J.); *Perez v.
Gordon & Wong Law Group, PC*, No. 11-cv-03323-LHK, 2012 WL 1029425, at *6-8 (N.D. Cal.

20  Mar. 26, 2012) (Koh, J.); *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727 SC, 2012 WL
160221, at *2 (N.D. Cal. Jan. 17, 2012) (Conti, J.); *Bottoni v. Sallie Mae, Inc.*, No. C10-03602 LB,

21  2011 WL 3678878, at *1 (N.D. Cal. Aug. 22, 2011) (Beeler, J.); *Barnes v. AT & T Pension Benefit
Plan*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) (Patel, J.).

22

23      Defendants nevertheless argue that this court should not apply the *Iqbal-Twombly* pleading

24  standard to their affirmative defenses because *Iqbal* and *Twombly* interpreted Rule 8(a)(2)'s
requirement that a plaintiff "show" that it is entitled to relief, while Rule 8(c) requires a defendant to

25  merely "state" its affirmative defenses. Opposition, ECF No. 17 at 4-5 (*comparing* Fed. R. Civ. P.
8(a)(2) *with* Fed. R. Civ. P. 8(c)). But as Judge Koh detailed in *Perez*, this argument is unpersuasive

26  because numerous "[c]ourts have observed that 'Rule 8's requirements with respect to pleading
defenses in an answer parallel the Rule's requirements for pleading claims in a complaint.'" *Perez*,

27  2012 WL 1029425, at *7 (quoting *Barnes*, 718 F. Supp. 2d at 1172) (additional citations omitted);
*see also Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 601 (E.D. Cal.

28  2013) (rejecting this "unduly restrictive" reading of Rule 8).

UNITED STATES DISTRICT COURT
For the Northern District of California

1  discovery is a prejudice.  *Id.*; *see also Ganley v. County of San Mateo*, No. C06-3923 TEH, 2007

2  WL 902551, at *1 (N.D. Cal. Mar. 22, 2007) (motions to strike are proper even if their only purpose

3  is to make the issues less complicated and to "streamline the ultimate resolution of the action").

4  When a court strikes an affirmative defense from a defendant's answer, "leave to amend should

5  be freely given" so long as no prejudice results against the opposing party.  *Wyshak*, 607 F.2d at 826

6  (citations omitted).

7  **II.  APPLICATION**

8  **A.  Defendants' Insufficiently Pleaded Defenses**

9  Mr. Hernandez first argues that all 21 of Defendants' affirmative defenses are insufficiently

10  pleaded because they are bare statements reciting mere legal conclusions that do not meet the *Iqbal-*

11  *Twombly* pleading standard.  Motion, ECF No. 14 at 4-5.

12  The court agrees with Mr. Hernandez.  The court included in the chart above all of the relevant

13  language Defendants included in their affirmative defenses[3], and it is clear that they all are pure

14  legal conclusions and lack any factual allegations—even minimal ones—to support them.  *See*

15  Answer, ECF No. 11 at 3-5.  For this reason, they must be stricken.  *See Barnes*, 718 F. Supp. 2d at

16  1173 ("[I]n none of its twenty-four affirmative defenses does AT & T point to the existence of some

17  identifiable fact that if applicable to Barnes or another class member would make the affirmative

18  defense plausible on its face."); *see also Allen v. AVT Event Tech., Inc.*, No. C-13-1922 MMC, 2013

19  WL 3157905, at *2 (N.D. Cal. June 20, 2013);  *Cabrera v. Alvarez*, No. C12-04890 SI, 2013 WL

20  3146788, at *3 (N.D. Cal. June 18, 2013); *Polo v. Shwiff*, No. C12-04461 JSW, 2013 WL 1797671,

21  at *4-5 (N.D. Cal. Apr. 29, 2013); *Ramirez v. Ghilotti Bros. Inc.*, No. C12-04590 CRB, --- F. Supp.

22  2d ----, 2013 WL 1786636, at *11 (N.D. Cal. Apr. 25, 2013); *O'Sullivan v. AMN Servs., Inc.*, No. C-

23  12-02125 JCS, 2012 WL 2912061, at *7 (N.D. Cal. July 16, 2012); *Perez*, 2012 WL 102942, at *10-

24  11.  For example, for their sixth affirmative defense, Defendants allege only "that the relief sought

25  by Plaintiff is barred due to the acts, conduct, and omissions of Plaintiff which constitute unclean

26  ──────────────

27  [3] The court omitted the following introductory words that appear in each of Defendants'
affirmative defenses: "AS AND FOR A [FIRST, SECOND, etc.], SEPARATE AND DISTINCT

28  AFFIRMATIVE DEFENDANT, these answering . . . ."  *See* Answer, ECF No. 11 at 3-5.  The
omission of these words has no effect on the court's analysis.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    hands." This is not sufficient. *See, e.g., CTF Dev. Inc. v. Penta Hospitality, LLC*, No. C 09-02429

2    WHA, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) (striking defendant's affirmative defense

3    of unclean hands because "simply stating that a claim fails due to plaintiff's 'unclean hands' is not

4    sufficient to notify the plaintiff what behavior has allegedly given them 'unclean hands'"). Another

5    example is Defendants' second affirmative defense, in which Defendants allege that Mr.

6    Hernandez's complaint "is barred by the applicable statutes of limitation, including but not limited

7    to, California Code of Civil Procedure Sections 337, 338, 339, 340 and 343." Without more, the

8    mere citation of some statutory provisions is not enough; there must be some factual allegation

9    showing that those provisions relate to the action. *See Miller v. Ghirardelli*, No. C12-04936 LB,

10   2013 WL 3153388, at *4 (N.D. Cal. June 19, 2013) (defendant sufficiently provided plaintiff with

11   "fair notice" of its statute of limitations defense "by identifying some of the applicable statutes of

12   limitations and explain[ing] that the class period is longer than the limitations periods that may apply

13   to absent class members and also hat the precise limitations period depends on a choice of law

14   analysis").

15        Defendants argue that "[e]ven if some of [their] affirmative defenses lack specific factual detail,

16   the fair notice standard is low and does not require a detailed recitation of facts." Opposition, ECF

17   No. 17 at 5 (citing *Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF (Shx), 2013 WL

18   1831686, at *5 (C.D. Cal. Apr. 30, 2013)). But Defendants are not required to allege "a detailed

19   recitation of facts," so this argument is inapposite. *See Perez*, 2012 WL 1029425, at *8 ("[W]hile

20   the Rule 8 pleading standard does not require extensive, detailed factual allegations, bare statements

21   reciting mere legal conclusions are insufficient.") (citing *Iqbal*, 129 S.Ct. at 1949; *Wyshak*, 607 F.2d

22   at 827). In any case, the opinions Defendants cite in support of their argument are distinguishable

23   because those courts either declined to apply *Iqbal* and *Twombly* to affirmative defenses, *see Vogel*,

24   2013 WL 1831686, at *3; *Rapp v. Lawrence Welk Resort*, No. 12-cv-01247 BEN (Wmc), 2013 WL

25   358268, at *2-3 (S.D. Cal. Jan. 28, 2013); or failed to address the *Iqbal-Twombly* pleading standard

26   at all, *see generally Kohler v. Bed Bath & Beyond of Cal.*, LLC, No. CV 11-4451 RSWL (Spx),

27   2012 WL 424377 (C.D. Cal. Feb. 8, 2012). Here, this court has explicitly stated that the *Iqbal-*

28   *Twombly* pleading standard does apply to affirmative defenses.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Defendants also argue that they should be able to initially plead affirmative defenses in a

2    conclusory manner because the defenses are "potentially viable" and, if it later turns out that the

3    defenses have no factual basis, the defenses can be abandoned and not included in the court's

4    pretrial conference order. Opposition, ECF No. 17 at 6. This argument fails under *Iqbal* and

5    *Twombly* for reasons explained above. *See O'Sullivan*, 2012 WL 2912061, at *8 ("Here, AMN

6    asserts that it is not required to allege any specific facts because its affirmative defenses 'readily put

7    Plaintiff on notice of the defenses Defendant *might* pursue.' That is the not the applicable

8    standard.") (emphasis in original) (citation omitted). Moreover, Defendants are not prejudiced

9    because if they lack the ability to set forth facts to support an affirmative defense now but later

10    obtain such facts during the course of discovery or otherwise, they can seek leave to amend their

11    answer under Rule 15. *See Barnes*, 718 F. Supp. 2d at 1173 (observing that the defendant can seek

12    leave to amend "at such time as the defendant becomes aware of facts tending to show the

13    plausibility of additional defenses . . . , provided that [the] defendant exercises diligence in

14    determining such facts"); *see also Allen*, 2013 WL 3157905, at *2.

15    Accordingly, with the exception of Defendants' first, ninth, eleventh, and twenty-first

16    affirmative defenses (discussed below), the court **STRIKES WITHOUT PREJUDICE**

17    Defendants' affirmative defenses.[4]

18    **B.  Defendants' Immaterial or Impertinent Defenses**

19    Mr. Hernandez also argues that some of Defendants' affirmative defenses should be stricken

20    with prejudice because they are immaterial or impertinent. Motion, ECF No. 14 at 6-7. If they are

21

22    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

23    [4] Although struck without prejudice and not highlighted by Mr. Hernandez, upon amending
their answer Defendants should be mindful that its tenth (ambiguous complaint) and twelfth
(reservation of rights) affirmative defenses may not be actual affirmative defenses. *See Innovation
Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, No. C12-05523 WHA, 2013 WL 2009681, at
*3 (N.D. Cal. May 13, 2013) (affirmative defense that a plaintiff's claims are "uncertain, ambiguous
and unintelligible" is not a true affirmative defense and would more properly have been brought as a
motion for a more definite statement under Rule 12(e)) (citation omitted); *Solis v. Zenith Capital,
LLC*, No. C08-4854 PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009) (noting that "[a]n
attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself"
and that "if at some later date defendants seek to add affirmative defenses, they must comply with
Rule 15").

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

not stricken, he says that he will have to serve interrogatories that address meritless defenses, thus

driving up discovery costs. *Id.* at 7. Specifically, he argues that Defendants' first (failure to state a

claim), ninth (lack of standing), eleventh (Plaintiff suffered no injury), and twenty-first (Plaintiff

suffered no injury) affirmative defenses are not actually affirmative defenses at all. *Id.* at 6-7. As

the Ninth Circuit has explained, "[a] defense which demonstrates that plaintiff has not met its burden

of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic*, 302

F.3d at 1088. But this is exactly was Defendants' first, ninth, eleventh, and twenty-first affirmative

defenses are, and for that reason, the court **STRIKES** them **WITH PREJUDICE**. See *Polo*, 2013

WL 1797671, at *3 ("[L]ack of standing is not a true affirmative defense because [plaintiff] bears

the burden of proof on that issue."); *Perez*, 2012 WL 1029425, at *11 (striking defendant's

affirmative defenses of failure to state a claim and lack of standing because they are not affirmative

defenses); *J & J Sports Prods., Inc. v. Vizcarra*, No. 11–1151 SC, 2011 WL 4501318, at *2 (N.D.

Cal. Sept. 27, 2011) ("Because a plaintiff must plead and ultimately prove standing, lack of standing

is not an affirmative defense under federal law.") (internal quotation marks and citation omitted);

*Barnes*, 718 F. Supp. 2d at 1174 ("Failure to state a claim is not a proper affirmative defense but,

rather, asserts a defect in Barnes' prima facie case.") (citations omitted).[5]  Although struck with

prejudice as affirmative defenses, the court makes clear that Defendants are not precluded from

arguing, in a motion or at trial, that Mr. Hernandez has failed to state a claim or lacks standing, or

that his allegations or the evidence elicited during discovery fail to show that Defendants caused him

to suffer an injury. *See Ctr. For Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th Cir.

2009) ("'[T]he jurisdictional issue of standing can be raised at any time.'") (quoting *United States v.

Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997)); *Ansari v. Elec. Document Processing, Inc.*,

5:12-CV-01245-LHK, 2012 WL 3945482, at *5 (N.D. Cal. Sept.10, 2012) (striking several of

defendants' affirmative defenses because "they [were] not proper affirmative defenses" but stating

---

[5] While some courts have recognized lack of standing as an affirmative defense, *see Solis v. Couturier*, No. 08–02732–RRB, 2009 WL 3055207 at *1 (E.D. Cal. Sept. 17, 2009), this court follows those that have found that it is not, given that a defendant bears the burden of proof on affirmative defenses but a plaintiff bears the burden of proof to show standing. Also, the court is unaware of any federal appellate court deciding the issue.

1  that defendants were "not precluded from raising these grounds [later] in a properly made motion").

2      Mr. Hernandez also argues that Defendants' third (waiver), fourth (estoppel), fifth (laches), sixth

3  (unclear hands), eighth (Plaintiff caused damage he suffered), and sixteenth (adequate state remedy)

4  affirmative defenses are immaterial or impertinent to this action.  Motion, ECF No. 14 at 6-7.  He

5  says only that these affirmative defenses are impertinent because his claims "are strict liability" and

6  he "has no obligation to limit his action to state court."  *Id.*  This single statement, however, is not

7  accompanied by a citation to any legal authority, and on this record and in this procedural posture

8  the court is unprepared to opine about whether Defendants' asserted affirmative defenses have merit.

9  To the extent that Mr. Hernandez is arguing that these defenses fail on their merits, that is an

10  argument for summary judgment.  *Cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("One of

11  the principal purposes of the summary judgment rule is to isolate and dispose of factually

12  unsupported claims or defenses.").  Thus, the court will not strike with prejudice Defendants' third,

13  fourth, fifth, sixth, eighth, and sixteenth affirmative defenses as Mr. Hernandez requests.

### CONCLUSION

15      For the reasons stated above, the court **GRANTS** Mr. Hernandez's motion.  The court

16  **STRIKES WITH PREJUDICE** Defendants' first, ninth, eleventh, and twenty-first affirmative

17  defenses.  The court **STRIKES WITHOUT PREJUDICE** Defendants' other affirmative defenses.

18  Defendants may file an amended answer by November 11, 2013.

19      **IT IS SO ORDERED.**

20  Dated: October 25, 2013

21                                                        _____
                                                         LAUREL BEELER
22                                                        United States Magistrate Judge