PAUL L. REIN, State Bar No. 43053
CELIA MCGUINNESS, State Bar No. 159420
CATHERINE CABALO, State Bar No. 248198
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
GERARDO HERNANDEZ

\* *Defendants' counsel listed after the caption*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>Plaintiff,<br>v.<br><br>DUTCH GOOSE, INC.; GREGORY STERN dba DUTCH GOOSE; JOHN AND TERESA BELTRAMO TRUST; JOHN R. BELTRAMO, Trustee; TERESA R. BELTRAMO, Trustee; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. C13-3537 LB<br><br>Civil Rights<br><br>**CONSENT DECREE AND [PROPOSED] ORDER AS TO INJUNCTIVE RELIEF, DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS** |

SERVANDO SANDOVAL, Esq. (SBN 205339)
HERBERT HAYDEN, Esq. (SBN 248282)
PAHL & MCCAY
6500 Wilshire Blvd., Suite 1700
Los Angeles, California 90048
Telephone: 323/276-3800
Facsimile: 323/651-2577

Attorney for Defendants
DUTCH GOOSE, INC.; GREGORY STERN
dba DUTCH GOOSE; JOHN AND TERESA
BELTRAMO TRUST; JOHN R. BELTRAMO,
Trustee; and TERESA R. BELTRAMO, Trustee

---

CONSENT DECREE & [PROPOSED] ORDER
AS TO ALL RELIEF
Case No. C13-3537 LB
S:\CASES\DUTCH GOOSE\PLEADINGS\Consent Decree\2014 02 27 Consent Decree & Proposed Order as to ALL Relief.docx

1. Plaintiff GERARDO HERNANDEZ filed a Complaint in this action on August 1, 2013 to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against defendants DUTCH GOOSE, INC.; GREGORY STERN dba DUTCH GOOSE; JOHN AND TERESA BELTRAMO TRUST; JOHN R. BELTRAMO, Trustee; and TERESA R. BELTRAMO, Trustee (all defendants sometimes referred to as "Defendants"), relating to the condition of Defendants' public accommodations as of May 16, 2013 and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA, sections 51, 52, 54, 54.1, and 54.3 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 3567 Alameda de las Pulgas, Menlo Park, California.

2. Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation.

//

//

//

- 2 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO ALL RELIEF
Case No. C13-3537 LB
S:\CASES\DUTCH GOOSE\PLEADINGS\Consent Decree\2014 02 27 Consent Decree & Proposed Order as to ALL Relief.docx

**JURISDICTION:**

3.	The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, and 54.3.

4.	In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.	This Order shall be a full, complete, and final disposition and settlement of Plaintiff's injunctive relief claims against Defendants that have arisen out of the subject Complaint.

CONSENT DECREE & [PROPOSED] ORDER
AS TO ALL RELIEF
Case No. C13-3537 LB
S:\CASES\DUTCH GOOSE\PLEADINGS\Consent Decree\2014 02 27 Consent Decree & Proposed Order as to ALL Relief.docx

6.      The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the 2010 California Building Code (2010 CBC) and 2010 Americans with Disabilities Act Standards for Accessible Design (ADAS), unless other standards are specifically agreed to in this Consent Decree and Order.

    a)     **Remedial Measures:** The corrective work agreed upon by the Parties is as follows:

        i.     <u>Parking</u> – Defendant will create the requisite number of properly-configured and properly-located accessible and van-accessible parking stalls, including insuring a path of travel from the accessible stalls to an accessible entrance to the subject building, so that no one parking in these accessible stalls will be forced to walk behind any parked car other than that person's car.

        ii.    <u>Accessible Entrance and Paths of Travel to Entrance</u> – Defendants will create an accessible entrance to the subject building and an accessible path of travel to the accessible entrance from: (1) accessible parking described above in paragraph 6.a.i.; and (2) the public right of way.

- 4 -

iii. <u>Route between Upper and Lower Levels</u> – Defendants will create wheelchair access to and between all levels of the subject building.

iv. <u>Accessible Restroom</u> -- Defendants will create an accessible unisex restroom within the building. All other restrooms in the building will have directional signage to indicate the location of the accessible restroom created.

v. <u>Counters</u> – Defendants will ensure that all transaction counters comply with 2010 CBC 1122B.4 and the Americans with Disabilities Act Accessibility Guidelines (ADAAG) 904.4, 904.4.1, and 904.4.2. Defendants will ensure that all self-serve counters comply with 2010 CBC 1104B.5(6) and 1118B and ADAAG 904.5.1 and 308. Defendants will ensure that all bar counters comply with 2010 CBC 1104B.5(4) and 1122B.

vi. <u>Wheelchair Seating & Internal Paths of Travel</u> – Defendants will create the requisite number of wheelchair-accessible seating in each area of the subject building (i.e. 5% on each level of seating). Defendants

- 5 -

will also create and maintain accessible paths of travel within the restaurant.

b) **Timing of Injunctive Relief:** Defendants will submit plans for all corrective work requiring permits to the appropriate governmental agencies by July 15, 2014. Defendants will commence work within 20 days of receiving approval from the appropriate agencies. Defendants will complete all work by March 31, 2015. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 5 days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than 90 days from the Parties' signing of this Consent Decree and Order.

c) Defendants will notify Plaintiff in writing at the end of 90 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 90 days thereafter until all access is provided. If Defendants fail to provide injunctive relief on the agreed upon

- 6 -

timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorneys' fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, such fees shall be set by the Court.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

7.      The Parties have reached an agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs. Defendants shall pay to Plaintiff the amount of $64,000 as full and final resolution of Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs. Payment described in this paragraph shall be made by check payable to "PAUL L. REIN IN TRUST." Payment shall be received at the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612 by March 13, 2014. A W-9 from Plaintiff's attorneys' office shall be provided to Defendants for the payment described in this paragraph. Plaintiff specifically reserves his right to seek additional attorney fees and costs related to delayed payment by Defendants.

//

//

//

- 7 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO ALL RELIEF
Case No. C13-3537 LB
S:\CASES\DUTCH GOOSE\PLEADINGS\Consent Decree\2014 02 27 Consent Decree & Proposed Order as to ALL Relief.docx

**ENTIRE CONSENT DECREE AND ORDER:**

8. This Consent Decree and Order constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

10. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all

obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order.  Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

11. Except for all obligations required in this Consent Decree and Order, each of the Parties to this Consent Decree and Order on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and

- 9 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO ALL RELIEF
Case No. C13-3537 LB
S:\CASES\DUTCH GOOSE\PLEADINGS\Consent Decree\2014 02 27 Consent Decree & Proposed Order as to ALL Relief.docx

causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit. Notwithstanding the foregoing, the Defendants do not waive or release, but instead explicitly preserve, their rights to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with this lawsuit and settlement thereof.

**DISMISSAL**

12. Within 14 days of approval of building plans submitted to County of San Mateo by Defendants for injunctive relief described above in paragraph 6 and payment of monetary relief described above in paragraph 7, Defendants shall prepare a dismissal of Plaintiff's claims with prejudice for Plaintiff's review and approval for filing with the Court.

**TERM OF THE CONSENT DECREE AND ORDER:**

13. This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court OR until the injunctive relief contemplated by this Order is completed and payment described above in paragraph 7 is delivered, whichever occurs later.

- 10 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO ALL RELIEF
Case No. C13-3537 LB
S:\CASES\DUTCH GOOSE\PLEADINGS\Consent Decree\2014 02 27 Consent Decree & Proposed Order as to ALL Relief.docx

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

- 11 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO ALL RELIEF
Case No. C13-3537 LB
S:\CASES\DUTCH GOOSE\PLEADINGS\Consent Decree\2014 02 27 Consent Decree & Proposed Order as to ALL Relief.docx

Dated: 2/27, 2014        PLAINTIFF GERARDO HERNANDEZ

_____
GERARDO HERNANDEZ

Dated: 2/27, 2014        DEFENDANT DUTCH GOOSE, INC.

By: _____
Print name: Gregory Stern
Title: President

Dated: 2/27, 2014        DEFENDANT GREGEORY STERN dba DUTCH GOOSE

By: _____
Print name: Gregory Stern
Title: Individual

Dated: Feb. 27, 2014     DEFENDANT JOHN AND TERESA BELTRAMO TRUST

By: _____
Print name: John R. Beltramo
Title: Co-Trustee

Dated: 2/27, 2014        DEFENDANT JOHN BELTRAMO, TRUSTEE FOR JOHN AND TERESA BELTRAMO TRUST

_____
JOHN BELTRAMO

- 12 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO ALL RELIEF
Case No. C13-3537 LB
S:\CASES\DUTCH GOOSE\PLEADINGS\Consent Decree\2014 02 27 Consent Decree & Proposed Order as to ALL Relief.docx

Dated: 3-7, 2014　　DEFENDANT TERESA BELTRAMO, TRUSTEE FOR JOHN AND TERESA BELTRAMO TRUST

*/s/ Teresa Beltramo*

TERESA BELTRAMO

APPROVED AS TO FORM:

DATED: 2/27, 2014　　LAW OFFICES OF PAUL L. REIN

By: */s/ Catherine Cabalo*
Catherine Cabalo, Esq.
Attorneys for Plaintiff
GERARDO HERNADEZ

DATED: 2/27, 2014　　PAHL & MCCAY

By: */s/ Servando Sandoval*
Servando Sandoval, Esq.
Attorneys for Defendants
THE DUTCH GOOSE, INC.; GREGORY STERN dba DUTCH GOOSE; JOHN AND TERESA BELTRAMO TRUST; JOHN R. BELTRAMO, Trustee; and TERESA R. BELTRAMO, Trustee

- 13 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO ALL RELIEF
Case No. C13-3537 LB
S:\CASES\DUTCH GOOSE\PLEADINGS\Consent Decree\2014 02 27 Consent Decree & Proposed Order as to ALL Relief.docx

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: __March 12__, 2014

_____
Honorable Laurel Beeler
United States Magistrate Judge

- 14 -